NEW-YORK.
May, 1830

Fellows
v.
Gilman.

FELLOWS *vs.* GILMAN and others.

An instrument in writing under seal, entered into by a constable and three sureties, whereby they "jointly and severally agree to pay *to each and every person* such sum or sums of money as the said constable shall become liable for on account of any execution which shall be delivered to such constable for collection," is good and valid, and complies with the requirement of an act *incorporating a village*, prescribing that certain officers thereof, and amongst others *constables*, shall, before they enter upon the duties of their respective offices, give "such security for the faithful performance of the trust reposed in them as the major part of the trustees of the village for the time being shall deem sufficient."

*Covenant* may be sustained on such instrument by *any plaintiff in an execution* delivered to such constable for collection, and for the payment of which the constable has become liable, although such plaintiff is not a *party* to the instrument, nor *named* in it; he may claim the benefit of it by proper allegations and averment in his declaration.

Instances of good replications to special pleas.

DEMURRER to replications. The plaintiff declared in *covenant* on an instrument in writing in the following words: "Know all men by these presents, that whereas Stephen Symonds has this day been elected constable of the village of Rochester for the year ensuing; now therefore, we the said Stephen Symonds constable, Nathan Lyman, Harvey Gilman and Samuel Smith, do jointly and severally agree to pay to each and every person such sum or sums of money as the said constable shall become liable for on account of any execution which shall be delivered to such constable for collection. Witness our hands and seals this 7th May, 1827." Which was signed and sealed by the persons named in the same. It was averred in the declaration that on the first Monday of May, 1827, Symonds was duly elected constable of the village of Rochester for the year then ensuing, in pursuance of the act to incorporate that village, passed April 10, 1826; that on the 8th day of May, Symonds took and subscribed an oath of office, and, together with Gilman and the others as his sureties, executed the instrument in writing above recited, which was presented to the trustees of the village for approbation, and was by them, or a major part of

them, deemed sufficient, and was thereupon duly filed in the office of the clerk of the village; and it was further averred that on 5th October, 1827, the plaintiff recovered a judgment before a justice of the peace against S. J. and L. Ashley, for $70,62, by confession, on the oath of the Ashleys, duly made in writing, pursuant to the fifty dollar act, passed in 1824; that on the 12th January, 1828, an execution was issued by the justice on that judgment against the goods and chattels of the Ashleys, returnable in 90 days, which was delivered to Symonds; and it was further averred that although, during the whole of the 90 days after the issuing and before the return of the execution, goods and chattels of the Ashleys sufficient to satisfy the execution were to be found by Symonds within the county of Monroe, yet he altogether neglected to levy and make the damages recovered by the judgment of such goods and chattels, and to pay the same into the hands of the justice or to the plaintiff within 90 days from the issuing of the execution, or at any time thereafter; by reason whereof the defendants became liable to pay to the plaintiff the money in the execution mentioned, according to the tenor, &c. of the instrument, and common conclusion.

The defendants pleaded *non est factum* and eleven special pleas, upon all of which, except the *seventh*, tenth and eleventh, issue was joined. To the replications to those three pleas, the defendants demurred, and the questions to be decided arise upon those demurrers. The substance of the *seventh* plea is, that the trustees of Rochester did not, nor did a majority of them for the time being, by any vote, resolution, law, by-law or ordinance, approve or in any way pass upon the sufficiency of the security given or offered to be given by Symonds, before entering upon the duties of his office; to which the plaintiff *replied* that the trustees, or a major part of them, did, at a regular meeting of the trustees, pass upon, duly approve and deem sufficient the security given by Symonds before entering upon the duties of his office. The special causes of demurrer assigned to this replication are, that it does not state the *manner* in which the security was approved of by the trustees, or that they ever passed upon it collectively,

NEW-YORK,
May, 1830.

Fellows
v.
Gilman.

in their corporate capacity, and that it takes issue upon a matter of law.

The tenth plea alleges that the judgment, on which the execution delivered to the constable was issued, was not recovered in pursuance of the directions of the thirteenth section of the fifty dollar act, in this, to wit, that the defendants in the judgment did not, at the time of confessing the same, or at any other time, set forth the items of the demand of the plaintiff against them, and for which the judgment was confessed. To this plea, the plaintiff replied that the defendants, at the time of confessing the judgment, did set forth the items of the demand for which the judgment was confessed in writing, as far forth as they were able to do. The cause of demurrer assigned to this replication is, that it does not specify the *manner* in which the items of the plaintiff's demand were set forth.

The *eleventh* plea is, that the justice who issued the execution before the return day thereof was removed from office; that the plaintiff, neither at the time of the issuing of the execution, nor at the return thereof, nor at any time since, was a resident of the county of Monroe; and that no demand had been made of Symonds of the money by him levied and made on the execution, averring that the same then was and always had been ready. To this, the plaintiff replied that at the time of the issuing of the execution, and of the return thereof, he was, and ever since had been, and still remained a resident of Monroe. The special causes of demurrer assigned to this replication are, that it takes issue upon an immaterial fact, and omits to allege a demand of the money from Symonds. The plaintiff joined in demurrer.

*By the Court,* SUTHERLAND, J. The fifteenth section of the act to incorporate the village of Rochester, (Laws of 1826, p. 121,) contains all the legal provisions upon the subject of the security to be given by a constable; and it merely directs that the treasurer, collector and constables shall, before they enter upon the duties of their offices, " *give such security for the faithful performance of the trust reposed in*

*as the major part of the trustees (of the village) for the time being shall deem sufficient."* Neither the *form* nor the amount of the security is prescribed, nor is any particular manner or form directed in which the trustees shall express their approbation; it is all left to their sound discretion. Any act of a majority of the trustees, from which their approval of the security is necessarily to be implied, would be as effectual as a direct formal vote upon the subject; and the manner in which the approbation is expressed is matter of evidence, and need not be particularly set forth in the pleadings. Whether they approved of the security, and deemed it sufficient or not, is a pure question of fact, not of law. It does not put in issue a question of law, any more than does the plea of *non assumpsit* or *non est factum* in an action upon a note or a bond.

As to the replication to the *tenth* plea, it was not necessary, I apprehend, for the plaintiff to incorporate the bill of particulars in his replication, and set forth at length the reasons why it could not be made more specific. He alleges, in the very terms of the act, that the items were set forth in writing, as far forth as the defendants were able to do: this fully puts in issue the sufficiency of the specification, and if upon the trial it should appear that it was defective, the issue, under the direction of the court, would be found for the defendant.

The plea is confined to the particular grounds of objection which it enumerates. It was not necessary, therefore, for the plaintiff, in his replication, to show that the judgment in other respects conformed to the requisitions of the statute. But if the specification was defective, neither the constable nor his sureties could avail themselves of it. The judgment would be void only against the creditors of the defendants; it would protect the officer in executing process under it. (17 Johns. R. 145. 2 Cowen, 548.)

I am inclined to think the *eleventh* plea itself is bad in substance. The first count of the declaration to which this plea is put in does not charge the constable with having collected and received the money upon the execution; on the contrary, it expressly avers *that he neglected to levy and make the sum*

NEW-YORK,
May, 1830.

Fellows
v.
Gilman.

*mentioned in the execution* The plea does not allege that the constable received the money, and always had it ready to pay over, in a form in which issue could be taken upon it. If such inference is to be drawn from it, it is mere matter of inference and argument, and it is bad on that ground. If the money was not levied and received by the constable, it certainly could not be contended that a demand, under any circumstances, was necessary.

The seventeenth section of the *fifty dollar act*, (Laws of 1824, p. 289,) provides for the case of the death or removal from office of a justice, and makes it the duty of the constable in such cases to pay the proceeds of his executions to the respective plaintiffs therein. The act assumes that the constable knows, or can with proper diligence ascertain the residence of the plaintiff or his agent. If he cannot, it would probably be a good defence for him and his sureties, if properly pleaded. But if the act would admit of a construction which would render it necessary for non-resident plaintiffs to demand the money in such cases, then the replication in this case takes issue on the only material part of the plea, to wit, that the plaintiff was a non-resident.

The seventeenth section of the act above alluded to, in terms, applies to *all* constables: constables in *villages* as well as in *towns* and *wards*. This replication is also good.

But it is contended by the defendants that, independently of the objections already considered, the plaintiff cannot recover: 1. Because the instrument declared on is not in the form prescribed by the act, (Laws of 1826, p. 121, sect. 15.) and is therefore void; and 2. That *covenant* will not lie on such instrument, admitting it to be valid.

I do not understand the legislature as intending to prescribe the form of the security to be given by the constables of Rochester. They do not say that it shall be by bond, conditioned for the faithful performance of the trust reposed in them. They use the most general terms: "Such security, for the faithful performance of the trust reposed in them, as the trustees, &c., shall deem sufficient." As no form is prescribed, the trustees are to judge of the sufficiency of the security in point of *form* as well as *substance;* and if the se-

curity exacted is less comprehensive than the act would have
authorized, the parties cannot object to it on that ground.
Where the form is given by the statute, it must be substanti-
ally followed. (Cowen's Treatise, 679.)

The objection to the form of the action in this case seems
to be, that the plaintiff is not a party to the instrument on
which the action is brought, nor *named* in it; and the rule is
said to be, that in a deed *inter partes*, or *an indenture*, no one
but the parties who have signed and sealed the instrument
can maintain covenant upon it, though a stranger may have
covenant on a deed poll, if he be named in it, and it contain
a covenant in his favor. (6 Viner's Abr. tit. Covenant. Co-
myn's Dig. Cov. a, 1. 3 Bos. & Pul. 149, note a. and cases
there cited.) If A. covenant generally to indemnify B., B.
may have covenant, though he did not seal the articles and
the covenant was not with him. (Comyn's Dig. Cov. a, 1.
Coke Litt. 231, a. 2 Lev. 74. 3 id. 139. 2 Mod. 116·
Carth. 76, 7. 1 Chitty's Pl. 5.)

It must undoubtedly appear that the covenant which is
alleged to have been broken, was made *for the benefit* of the
person bringing the action. He must in some manner be
pointed out or designated in the instrument; but it is not
necessary that his *name* should in terms be used. A fami-
liar illustration of this is to be found in the case of a cove-
nant with a man and his heirs or his executors. There the
names of the heirs or the executors do not appear in the
deed; but still they can sue upon the covenant if broken.
They are pointed out or designated in a manner which, with
the aid of proper averments, shews that the covenant was
intended for their benefit. So in this case, the defendants
covenant to pay to each and every person, such sum or sums
of money as the constable shall become liable for on account
of any execution which may be delivered to him. This, in
connection with the allegations and averments in the declara-
tion, shews, as satisfactorily as in the case of an heir or an
executor, that the plaintiff was one of the persons for whose
benefit the covenant or instrument was designed.

The plaintiff is entitled to judgment on the demurrer.