ANDREW J. WALTON, AND OTHERS, RESPONDENTS,
*v.* ELISHA W. JONES, AND OTHERS, APPELLANTS.

PLEADING.—ACTION ON BOND.—PARTIES.—Under the code of Utah
    Territory, which requires a suit to be brought in the name of
    the real party in interest, the trustees of a school district are
    the proper parties plaintiff in a suit upon the official bond of
    a county collector, which runs to "whomsoever it may con-
    cern," when the collector has failed to pay over the school
    funds of said district which have come into his hands,

PRACTICE.—AMENDMENT.—REFORMING ISSUE.—Where the court,
    after submission of the case, permits an amendment to the
    complaint which alleges, first, that an official bond of a county
    collector, which runs to whomsoever it may concern, was
    intended by the collector and the sureties upon the bond to be
    the official bond required by law, and to run to the county of
    Emery, and Territory of Utah; and second, that on the 8th
    day of March, 1889, there was in the hands of the defendant
    collector certain moneys of the school taxes due plaintiffs, the
    original complaint having alleged the day as December 31,
    1889; *held*, that the first amendment was immaterial, and the
    second merely conformed the allegations to the proof and issue
    really tried.

OFFICIAL BOND.—COUNTY COLLECTOR.—OBLIGEE.—*Semble* if a bond
    of a county collector runs to whomsoever it may concern, or
    to any other person or to the public, either the county or the
    Territory, it may be sued upon by the party whom a breach
    of the bond has aggrieved, without regard to the obligee
    named.

APPEAL from a judgment of the district court of the
first district. The opinion states the facts, except that
the suit was by the three trustees of the third school
district of Emery county against the county collector
and the two sureties upon his bond.

*Messrs. Sutherland and Judd,* for the appellants.

*Mr. George Sutherland,* for the respondents.

ZANE, C. J.:

The appellant, Elisha W. Jones, was assessor and collector of Emery county in Utah Territory during the years 1888 and 1889, and as such gave the official bond on which this suit was brought, in the sum of $2,000, with the other defendants as his sureties, payable in terms "to whomsoever it might concern," conditioned for the faithful performance of his official duties. Among others, the original complaint contained an allegation that on December 31, 1889, there was in the hands of Jones, due to the plaintiffs, as school trustees, school taxes in the sum of $444.40, which he refused to pay to them. This allegation the defendants denied in their answer. The case was tried before the court without a jury, and taken under advisement; and afterwards, before deciding it, the court gave the plaintiffs leave to amend the complaint, as follows: "That the defendants intended to execute the official bond provided by law, and to bind themselves to the Territory of Utah and Emery county as provided by law; and that on the 8th day of March, 1889, there was in the hands of defendant Jones, and due plaintiffs, of the school taxes of their district, $446.40." To the order allowing this amendment the defendants excepted. The amendment embraces two new allegations,—one as to the intent of the parties expressed in the bond, and the other was that the $446.40 sued for remained in the collector's hands on the 8th day of March, 1889.

As to the first amendatory allegation. The bond was set out in terms in the original complaint, and the court was bound to determine the legal effect of the language

used. It appears from the language of the bond that Jones was elected to the office of assessor and collector of Emery county, and that it was given to secure the faithful performance of the duties of that office; and from the facts averred in the complaint it appears that Jones had in his possession as collector, on March 8, 1889, $446.40 of taxes assessed and collected in 1888, which had been apportioned as provided by law to the district of which the plaintiffs were trustees. Section 1922, 1 Comp. Laws 1888, provides that "the collector shall on the first of each month, or oftener, if required, pay over to the trustees all money collected by him for district school purposes; and on or before the 31st day of December of each year shall make a final settlement with said trustees, paying the full amount of all school taxes due, whether collected by him or not. School trustees' receipts shall be received by the collector in payment of district school taxes." This section made it the duty of the collector to pay the $446.40 to the plaintiffs on the 31st day of December, 1888, and, not having done so, on the 8th day of March, 1889, it was still his duty to pay it. And section 3169, 2 Comp. Laws 1888, provides that "every action must be prosecuted in the name of the real party in interest."

The plaintiffs, as trustees of their district, were the parties in interest as to the money sued for. The case of *People* v. *Holmes*, 5 Wend. 191, was an action in the name of the people on the official bond of a constable. In its opinion the court said: "A constable, before he enters upon the duties of his office, is required to execute an instrument in writing, by which he and his sureties shall jointly and severally agree to pay to each and every person such sum of money as the constable shall become liable to pay on account of any execution that shall be delivered to him for collection. 2 Rev. Laws,

184. The statute prescribes what shall be the substance of the instrument, but is silent as to its form. This court decided, as early as 1822, that a penal bond to the people would be a compliance with the statute. It has, however, been since decided (2 Wend. 281) that this is not the only form of the security. It may be, and per-haps it would be, best that it should be a simple agree-ment, without any penalty, to pay to any person' who might be aggrieved by the constable's neglect of duty. But the instrument on which this action is brought is in a form which has been approved by this court. Although it is a bond given expressly to the people, yet it is contended that a suit on it cannot be maintained in the name of the people, but that the action should be covenant on the condition in the name of the party aggrieved. Covenant might undoubtedly be maintained on the bond, but it does not follow that an action in the present form cannot be sustained."

Analogous to the above case is *Fellows* v. *Gilman*, 4 Wend. 414. In it the court said: " It must undoubtedly appear that the covenant which is alleged to have been broken was made for the benefit of the person bringing the action. He must in some manner be pointed out or designated in the instrument; but it is not necessary that his name should in terms be used. * * * So, in this case, the defendants covenant to pay to each and every person such sum or sums of money as the constable shall become liable for on account of any execution which may be delivered to him. This, in connection with the allegations and averments in the declaration, shows as satisfactorily as in the case of an heir or executor that the plaintiff was one of the persons for whose benefit the covenant or instrument was designed." So by the bond in question the defendants covenanted to pay to whom-

30

soever it might concern; and the facts stated in the bond and complaint show with sufficient certainty that the, plaintiffs, as trustees of Schofield school-district No. 3, were the persons for whose benefit the covenant relied on was made; and, that being so, this action was properly brought by them.

As to the point made by the defendants that the court erred in granting leave to amend the complaint by alleging the intention of the defendants in making the bond, we do not regard the amendment as material. That intention must be determined from the language used in the light of the circumstances attending its use.

As to the averment that the money sued for remained in Jones' hands on March 8, 1889, the issue was made on the trial, and all the evidence with respect to it was admitted. The court, by allowing the amendment, recognized the issue as having been made, and approved it. In fact there was no room for controversy upon the evidence that the money was in Jones' hands at the latter date. The amendment was made after the case had been submitted, and before it was decided, for the purpose of making the allegations of the complaint conform to the facts proven. The result of the trial could not have been otherwise if leave had been given to answer the allegations of the amendments. In view of the evidence, we hold that the order permitting the amendment was: not erroneous. In support of this position we cite *Thomas* v. *Nelson,* 69 N. Y. 118. We find no error in the record sufficient to require a reversal of the judgment of the court below. Judgment affirmed.

MINER, J., concurred.

ANDERSON, J., did not sit in the hearing of this case.