[No. 3989.]

COOPER ET AL. v. THE PEOPLE FOR THE USE OF THE BOARD
OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY.

1. OFFICIAL BONDS—STATUTORY REQUIREMENTS.

Where the statute does not prescribe a form for an official bond, a bond that substantially conforms to the statute is all that is required.

2. SAME—OBLIGEE.

Where the statute provides that an official bond shall run to the "people of the state of Colorado" a bond in which the obligee is the "state of Colorado" is a substantial compliance.

3. OFFICIAL BONDS—CLERK OF THE DISTRICT COURT—JUDICIAL DISTRICT—COUNTIES—JUDICIAL NOTICE.

The court will take judicial notice that the second judicial district of Colorado is composed of Arapahoe county alone, and a clerk's bond that describes him as "clerk of the district court of the second judicial district" is equivalent to a description as "clerk of the district court of Arapahoe county."

4. OFFICIAL BONDS—STATUTORY REQUIREMENTS—CONDITIONS LESS ONEROUS.

The fact that an official bond as executed has conditions less onerous than the statute prescribes would not deprive the bond of its force as a statutory bond nor exempt the sureties from liability for a breach of the conditions named in the bond.

5. OFFICIAL BONDS—CLERK OF DISTRICT COURT—CONDITION TO PAY OVER MONEY.

A condition in the official bond of a clerk of the district court that he "shall pay over all moneys that may come into his hands as said clerk and shall deliver to his successor all books, moneys and papers and other things pertaining to his office, which may be required by law," substantially conforms to the statute and does not require the clerk to violate the statute requiring him to pay over to the county treasurer certain fees.

6. SAME.

The fact that the statute requires the clerk of the district court to "punctually" pay over to the person legally authorized to receive the same all moneys that may come to his hand by virtue of his office, and that the condition of a clerk's bond to pay over, omitted the word "punctually" does not destroy its character as a statutory bond nor re-

lieve the sureties from liability.

7. OFFICIAL BONDS—ACTION ON—PARTIES.

An action on the official bond of a district court clerk for moneys belonging to a county is properly brought in the name of the people of the state of Colorado for the use of the board of county commissioners of the county. The fact that the county treasurer is the person legally authorized to receive the money does not make it necessary that he should be named as the obligee of the bond, nor that a suit thereon should be brought for his use.

8. PRACTICE—PLEADING—DEMURRER—INCAPACITY TO SUE.

Where the incapacity of a plaintiff to sue appears on the face of the complaint objection on that ground must be raised by demurrer, if not, the objection is waived.

9. EVIDENCE—DISTRICT COURT CLERKS—REGISTER OF ACTIONS—FEE BOOK.

In an action upon the official bond of a clerk of the district court for fees collected and not paid over, where it appears that he made entries of fees collected by him in his register of actions such register is admissible in evidence and the entries therein are *prima facie* evidence against the clerk and also against the sureties on his bond.

*Appeal from the District Court of Arapahoe County.*

The title of this case below was "The People of the State of Colorado, for the use of the board of county commissioners of the County of Arapahoe, in the State of Colorado, plaintiff, v. Matt Adams, Job A. Cooper and Charles L. McIntosh, defendants." The object of the action was to recover the penalty of the official bond of Matt Adams, as clerk of the district court, for that he misappropriated certain witness fees, jury fees, fines and fees collected by him, aggregating about $4,000. Cooper and McIntosh were sureties on the bond. There was a judgment against the defendants for the full penalty, to-wit, $5,000, to be satisfied by the the payment of $3,299.46, the aggregate amount of the clerk's shortage. The sureties have appealed from that judgment.

The statute which requires clerks of district courts to give bonds reads as follows:—

"That the clerks of the district court of this state be, and they are hereby required, to execute a bond to the people of the state of Colorado in the penal sum of five thousand dollars each, with sufficient surety, to be approved by the judges of their respective districts, conditioned for the faithful performance of their duties as clerk of said court, and that they will punctually pay over to the person legally authorized to receive the same, all moneys that may come into their hands by virtue of the said office." 2 Mills Ann. Stats., Sec. 3295 (Gen. Stats., 1883, Sec. 2477).

The condition of this bond is:—

"Now the condition of this obligation is such that if the said Matt Adams shall well and faithfully perform and execute the duties of the office of clerk of the district court of said judicial district during his continuance in office by virtue of said appointment, without fraud, deceit or oppression, and shall pay over all moneys that may come into his hands as said clerk of said district court, and shall deliver to his successor all books, moneys and papers and other things pertaining to his office, which may be so required by law, then the above obligation shall be void; otherwise to be and remain in full force and effect."

Mr. A. B. SEAMAN and Mr. H. S. SILVERSTEIN for appellants.

Mr. A. B. MCKINLEY and Mr. CASS E. HERRINGTON for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The propositions upon which appellants rely to reverse the judgment, and which they contend should have operated to dismiss the action are:

*First:* The bond upon which the action is based is not a

statutory bond.

· *Second:* It is not a good common law bond; that is, it is invalid.

*Third:* If the bond is a valid common law bond, nevertheless, under its conditions, the plaintiff in this case cannot recover.

*Fourth:* The court erred in admitting evidence to establish the misappropriation charged.

The particular objections which appellants urge will more clearly appear as we proceed with the discussion. As preliminary, we remark that the principal was inducted into office, and given the opportunity to receive the moneys thereafter misappropriated by him, upon the strength of the bond signed by the sureties who are now trying to escape liability thereunder. While the contract of a surety is *strictissimi juris*, courts should not, in a case like this, be astute to furnish an avenue of escape. Sureties who sign a bond are estopped to deny certain of its recitals.

1. We think the bond is a statutory bond. The statute does not prescribe its form, and in such case, if the bond substantially conforms to the statute, that is all that is required. Murfree on Official Bonds, § 38. Let us examine in detail the objections raised. The obligee in the bond is the "State of Colorado." The statute makes the obligee the "People of the State of Colorado." These are equivalent expressions. *Brown v. The State*, 5 Colo. 496.

It is contended that there is, and was, no such office as clerk of the district court of the second judicial district, and if so, that the bond is void. Appellants say the proper title is "clerk of the district court of Arapahoe county," while appellee insists that it is "clerk of the district court," and the language describing the office and following the expression "clerk of the district court" may be treated as surplusage. It is a matter of which we take judicial notice, because the statute so declares, that the second judicial district of the

state of Colorado is composed of the county of Arapahoe alone; so that the expression in this bond "clerk of the district court of the second judicial district" is equivalent to the expression "clerk of the district court of Arapahoe county." It would be a strained construction to hold otherwise.

Again, it is said that the words "without fraud, deceit or oppression" limit the faithful performance of his duties by the clerk, and that because of their presence the bond is less onerous than it would be without them. It would scarcely be argued that the misappropriation of public money by the clerk would not constitute fraud and deceit, and therefore it cannot be maintained that his failure to pay them over as the law requires is not a fraud; so that the particular breach alleged is covered by the conditions named in the bond. The fact that the bond, as executed, has conditions less onerous than the statute prescribes does not exempt the sureties from liability for a breach of the conditions that are there. Neither does it constitute the bond not a statutory bond. *Kincannon v. Carroll*, 9 Yerger (Tenn.) 11; *People v. Slocum*, 1 Idaho, 62; *Fellows v. Gilman*, 4 Wend. 414; *Skellinger v. Yendes*, 12 Wend. 306.

It is further said that, by the last two clauses of the bond, the clerk (the principal) is required to do something which is in direct violation of the law. Our statutes provide that, under certain conditions, the clerk is to pay over to the treasurer of the county certain fees received, and collections made, by him. It is said by appellants that this bond, instead of requiring the clerk to pay over the moneys that come into his hands in that capacity to the persons legally entitled to receive them, calls for their payment to his successor in office, for which there is no authority. We do not so construe this language. The clerk is not obliged to pay over to the treasurer the moneys that come to him from certain fees until after the amount of his annual salary has been met therefrom, and after that sum has been reached

the balance, or excess only, is to be paid over to the county treasurer. *Airy v. The People*, 21 Colo. 144. Bearing this in mind, let us scrutinize the clauses of the bond alleged to be repugnant to the statute. The expression therein "which may be so required by law" refers to all moneys that may come into the hands of the clerk, and also to moneys, papers and other things pertaining to his office. All moneys which the law directs him to pay to the treasurer, this bond requires him to do, and the books and papers pertaining to his office, and such moneys as may be in his hands at the time his successor is appointed, and which then is not due and payable to the treasurer, shall likewise be delivered to his successor. This is a natural construction of the language in view of the statutory provisions regulating his duty. That is to say, such moneys as come into his hands are to be paid to the person legally authorized to receive the same, and such person is, under certain conditions, the treasurer, and, under other conditions, the successor in office. The bond, therefore, substantially conforms to the statute.

It is further said that, while the statute requires the clerk punctually to pay over to the person legally authorized to receive the same all moneys that may come into his hands by virtue of his office, the omission in the bond of the word "punctually" constitutes a material and fatal variance. With this we cannot agree. The language of the bond "which may be so required by law" means that he is to pay over the moneys "punctually," if such be, as it is, the statutory requirement; but if the omission of that word from the bond made the instrument less exacting in that the principal might more leisurely pay, this does not, as we have seen, relieve the sureties from liability under the bond which they have signed, nor does it destroy its character as a statutory instrument.

2. The reasons assigned why this bond is not good as a common law bond are those already considered under the

first general head. We have held them not meritorious. It is also said that the bond is so imperfect, defective and uncertain as to be void, but we do not so interpret its language.

3. But it is argued that inasmuch as by the law the county treasurer is the person who is legally authorized to receive moneys collected by the clerk, he is the only one who could be injured by its breach, and since he has not been named as the obligee, the bond is void; but, if valid, the action cannot be brought in the name of the people of the state of Colorado for the use and benefit of the board of county commissioners of the county. Neither contention is tenable at all unless the bond is a common law bond, which we have held it not to be. Being a statutory bond, our statute itself provides that suit shall be brought as was done here. Besides this, the incapacity of the plaintiff to sue, if such is the case, appears upon the face of the complaint, and that is an objection which, under our code, must be taken by demurrer, and, if not, it is waived.

Furthermore, there is no express provision of the statute that the county treasurer, in a case of this sort, shall bring the suit. On the other hand, the only provision we have is that such bond shall be payable to the people of the state of Colorado, and suit shall be brought thereon in the name of the people to the use of any party injured by its breach. Mills Ann. Stats., Sec. 3296 (Gen. Stats. 1883, Sec. 2478). And by section 791 (Gen. Stats. 1883, Sec. 538) it is provided that the board is given power to represent the county and have the care of the county property and the management of its business and concerns in all cases where no other provision is made by law. We see no valid objection to the action being brought in the name of the people for the use of the board. The money belongs to the county, and the board is its representative.

4. It is strenuously insisted that the court erred in admitting in evidence the register of actions kept by the clerk.

The court permitted the plaintiff to introduce this book for it appeared therefrom that the clerk had received in his official capacity certain fees and other collections which he had not turned over as required by law. The defendants, however, insist that while the statute requires the clerk to keep a fee book in which he shall put down all these collections, there is no such requirement that he should put them in this book called the register of actions. The statute does not expressly provide that the fee book shall be separate and distinct from any other book in the office, and we think that its fair construction is that the clerk may use this register as a fee book. But section 381 Mills code directs that the clerk shall keep a register of actions, and that he shall enter therein the title of the action with brief notes under it, from time to time, of all papers filed and proceedings had therein. A part of the proceedings in any action is the receiving of certain fees provided for by statute, and therefore the register, showing receipt of fees, might be considered as a book required to be kept by law; and, if so, as conceded by counsel for defendants, entries theroin would be at least *prima facie* evidence against the clerk, and also the sureties upon his official bond. If, however, the book is not one expressly required by the statute to be kept, still it is a book in which, as a matter of fact, the clerk (the principal of this bond) made entries of fees collected by him, and such, it seems, has been the practice of the office. Both the clerk and his sureties are *prima facie* bound by the entries therein found.

We perceive no substantial error in this record, and the judgment must therefore be affirmed.

*Affirmed.*