No. 13,306.

BELL *v.* THE PEOPLE.
(22 P. [2d] 857)

Decided May 22, 1933.   Rehearing denied June 12, 1933.

Mr. J. W. BELL, for plaintiff in error.

Mr. FRANK DELANEY, for defendant in error.

*In Department.*

Mr. Justice Butler, sitting for Mr. Chief Justice Adams, delivered the opinion of the court.

The people of the state of Colorado sued G. H. Bell and others, sureties on an official bond given by Charles H. King, as treasurer of Garfield county. The case is entitled "The People of the State of Colorado, for the use of Garfield County."

Due to the closing of the bank in which King had deposited the money, King failed to deliver the county funds to his successor in office; hence the suit. Bell's demurrer on the ground that the plaintiff has no legal capacity to sue was overruled. Bell stood upon his demurrer and judgment was rendered against him. He seeks a reversal of that judgment.

The only question for consideration is whether the defendant in error, plaintiff below, has legal capacity to sue.

It is said that the suit should have been brought by the people of the state of Colorado, for the use of the board of county commissioners of the county of Garfield. Counsel cites section 8662, Compiled Laws, which provides that "in all suits or proceedings, by or against a county, the name in which the county shall sue or be sued shall be, the board of county commissioners of the county of........"; and also cites the case of *Board of County Commissioners, etc. v. Churning,* 4 Colo. App. 321, 35 Pac. 918. But the present suit was not brought by or against a county. It was brought by the people of the state of Colorado, the obligee in the bond, the only proper plaintiff in the case. The statute provides that an action on an official bond shall lie in the name of the people, "to the use of any party aggrieved." C. L. §7988. The aggrieved party in the present case is Garfield county. It is the owner of the funds that were withheld. *McClure v. Board of County Commissioners, etc.,* 19 Colo. 122, 34 Pac. 763; *Cooper v. People,* 28 Colo. 87, 93, 63 Pac. 314. It would have been proper, though it was not necessary,

to entitle the suit "The People of the State of Colorado, for the use of the board of county commissioners of the county of Garfield." The case of *Cooper v. People, supra,* a suit on an official bond, was entitled "The People," etc., "for the use of the board of county commissioners of the county of Arapahoe." It was contended that the suit should have been brought for the use of the treasurer of the county, as he was the person authorized to receive the moneys, but we said: "We see no valid objection to the action being brought in the name of the people for the use of the board. The money belongs to the county, and the board is its representative." In *Gartley v. People,* 24 Colo. 155, 49 Pac. 272, a suit on the official bond of a county treasurer, the title was "The People," etc., "for the use of Pueblo county." True, this particular point was not decided. As counsel in that case, lawyers of marked ability and not accustomed to overlooking any valid point favorable to their clients, did not object to the title, we assume that they considered such an objection untenable. Whether one form or the other is used in the title, the result is precisely the same; the fruits of a favorable judgment belong to the county.

The objection urged here is highly technical and is without substantial merit. We may well say in this case, as we said in *Cooper v. People, supra*: "While the contract of a surety is *strictissimi juris,* courts should not, in a case like this, be astute to furnish an avenue of escape."

The judgment is affirmed.

MR. JUSTICE CAMPBELL, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.