**CALHAN SCHOOL DISTRICT # 1, Harrison School District # 2, Widefield School District # 3, Colorado Springs School District # 11, Manitou Springs School District # 14, Air Academy School District # 20, and Lewis-Palmer School District # 38, Plaintiffs-Appellees,**

v.

**EL PASO COUNTY, Colorado, The Board of County Commissioners of El Paso County, Colorado, Sharon Shipley, Treasurer of El Paso County, Colorado and American Motorists Insurance Company, Defendants-Appellants.**

No. 83SC255.

Supreme Court of Colorado,
En Banc.

Aug. 20, 1984.

Horn, Anderson & Johnson, Michael J. Gianunzio, R.E. Anderson, Colorado Springs, for plaintiffs-appellees.

Charles E. Berry, El Paso County Atty., Colorado Springs, for defendants-appellants.

George C. Aucoin, Clear Creek County Atty., Lakewood, for amici curiae Clear Creek County Bd. of County Com'rs and Clear Creek County Treasurer.

Edwin K. McMartin, Asst. Pueblo County Atty., Pueblo, for amici curiae Pueblo County Bd. of County Com'rs and Pueblo County Treasurer.

Cile Pace, Asst. Jefferson County Atty., Golden, for amici curiae Jefferson County Bd. of County Com'rs and Jefferson County Treasurer.

Perry Burnett, Denver, for amici curiae Colorado Counties, Inc. and Enumerated County Treasurers.

Stephen H. Kaplan, City Atty., Eugene J. Kottenstette, Jr., Asst. City Atty., Denver, for amici curiae Denver Bd. of Equalization and Thomas P. Briggs, Manager of Revenue.

LOHR, Justice.

Seven school districts in El Paso County brought this action against the County, the Board of County Commissioners, the County Treasurer, and the surety on the Treasurer's official bond, seeking to recover the interest earned on school district tax moneys collected by the County Treasurer and requesting declaratory relief specifying that the districts are entitled to interest earned on school district taxes from the time of collection. The district court ruled that the school districts are entitled to all

interest accrued on taxes collected for the districts from the time they are received by the County Treasurer, but made the relief prospective only.[1] We granted the defendants' petition for certiorari to the Colorado Court of Appeals before judgment, under C.A.R. 50, and now reverse the district court judgment.

This dispute turns on the construction of section 22-40-104(1), 9 C.R.S. (1973), which provides that

> [i]t is the duty of the county treasurer to open and keep separate accounts by funds and subsidiary accounts for the bond redemption fund of each school district in his county, and said funds and accounts shall be subject to the warrants of said district. The tax revenues shall be credited immediately to the proper fund and account, together with any accrued interest on school district moneys, and the amounts so credited shall be reported to the secretary of the board of education of said school district at the end of every month.

The school districts contend that this provision applies to all school district tax revenues, while the county asserts that it applies only to the revenues of school districts that choose to draw on this revenue by issuing warrants, rather than having the revenues paid over to the district treasurer at regular intervals. Evaluation of these positions requires some discussion of the fiscal practices of school districts under state law.

Each school district is required to certify annually the amount to be raised from tax levies on property within the district necessary to defray its expenses for the coming year. § 22-40-102, 9 C.R.S. (1973 & 1983 Supp.). This tax is levied by the board of county commissioners, *id.*, and received by the county treasurer, section 30-10-707, 12 C.R.S. (1977).

Originally, school districts drew upon these funds by issuing warrants payable by the county treasurer. *See People ex rel. Board of County Commissioners v. Koenig*, 99 Colo. 456, 63 P.2d 1235 (1936). However, in 1953 the legislature gave some school districts the authority to elect to have school funds received by the county treasurer turned over to the school district treasurer, who would place them in a depository for the account of the school district.[2]

In 1964 the legislature repealed and reenacted the article in which the 1953 provision had been codified, and omitted the procedure by which a school district could make this election. Ch. 69, sec. 1, 1964 Colo.Sess.Laws 538. However, the distinction between school districts that draw on their funds by issuing warrants payable by the county treasurer, and those that elect to receive all of their funds from the county treasurer at certain intervals, was retained in many provisions scattered throughout the laws concerning school finance.[3] The difference between these two

1. The district court first granted the plaintiffs' motion for partial summary judgment, establishing the plaintiffs' right to interest accrued from the date of collection of school district taxes. Later, in response to a motion by certain of the defendants, the trial court expanded on its prior order by disallowing the plaintiffs' claims for interest covering periods prior to issuance of the partial summary judgment. The effect of this latter order was to dispose of all issues remaining in the case. The court's rulings implicitly denied the defendants' cross-motion for summary judgment.

2. The Board of Education of any first class school district may elect to have all moneys received by the County Treasurer for such district paid direct to the treasurer of such district by said County Treasurer, to be deposited and disbursed by said district treasurer as provided by law. Written notice of such election shall be filed with the County Treasurer by the secretary of the district, and thereafter unless and until revocation of said election by said board of education the County Treasurer shall, at least once each month, pay to the treasurer of the district upon proper warrant of the district all moneys collected by him for such district.
Ch. 205, sec. 1, 1953 Colo.Sess.Laws 540.

3. The statutory obligation of county treasurers to pay over to school district treasurers monthly all taxes collected for the school districts is limited to districts that have elected to have the tax moneys so paid. § 39-10-107(3), 16B C.R.S. (1982). Only in districts so electing is the district treasurer or other custodian required to deposit such money. § 22-40-105(1), 9 C.R.S.

procedures was, and is, fundamental to the administration of school revenues.

■■■ With this distinction in mind, the effect of section 22–40–104(1), 9 C.R.S. (1973), becomes clear. We hold that interest earned on school district tax moneys must be credited to the proper school district account *unless* the school district has elected to have its moneys paid over to the district treasurer at regular intervals. Section 22–40–104(1) requires the county treasurer to keep separate accounts by fund for each school district, referring to the funds created by section 22–45–103(1), 9 C.R.S. (1983 Supp.). It mandates that such funds shall be subject to warrants of the school district. These clauses serve no purpose for school districts that have elected to have their moneys paid over to the district treasurer, because the county treasurer pays to these school districts monthly all of the taxes collected for them during the immediately preceding month, under section 39–10–107(3), 16B C.R.S. (1982), and the districts issue warrants on their own deposits established pursuant to section 22–40–105, 9 C.R.S. (1973 & 1983 Supp.). Requiring the establishment of separate accounts by the county treasurer upon which warrants could be drawn by electing school districts would be inconsistent with this statutory scheme for monthly payover of taxes to the treasurers of electing districts. The court endeavors to reconcile acts of the General Assembly so that inconsistency is avoided. *People v. James*, 178 Colo. 401, 497 P.2d 1256 (1972); *cf.* §§ 2–4–203(1)(d) & (e), 2–4–206, 1B C.R.S. (1980) (rules of statutory construction). Therefore, we construe section 22–40–104(1) to be inapplicable to electing districts.[4]

This construction prevents elimination of the distinction between electing and nonelecting school districts, a distinction relied upon in other simultaneously enacted parts of the same statute, i.e., section 22–40–104(3) & (4), 9 C.R.S. (1973). It is presumed that, in enacting a statute, the entire statute is intended to be effective. § 2–4–201(1)(b), 1B C.R.S. (1980). This interpretation is also consistent with the longstanding administrative construction of the statute, *see* section 2–4–203(1)(f), 1B C.R.S. (1980), as evidenced by the uncontroverted affidavits of forty-four past and present Colorado county treasurers submitted by the defendants on the motions for summary judgment. We conclude that section 22–40–104(1) does not compel the crediting of interest on tax moneys received by county treasurers for the benefit of electing school districts.

Although section 22–40–104(1) does not prohibit the retention by the county treasurer of interest accrued on taxes to be turned over to treasurers of electing districts, it remains to be determined whether this retention is authorized by law. We find this authorization in section 30–10–710, 12 C.R.S. (1977), which provides that "the amount of interest gained through the investment of county funds, regardless of the origin of such funds, may be credited to the general fund of the county by the county treasurer, unless such investment is made from specific funds allocated for a definite purpose and so maintained."

■■■ The plaintiff school districts claim that the taxes received by the county treasurer subject to later distribution to electing school districts are not "county funds," but rather are "specific funds allocated for

(1983 Supp.). The county treasurer must render a monthly itemized statement prescribed by the state board of education in the case of electing school districts, or by statute in the case of nonelecting school districts. § 22–45–108, 9 C.R.S. (1973). Distributions from the state public school fund are paid to district treasurers for electing districts, and to county treasurers for nonelecting districts. § 22–50–112(3), 9 C.R.S. (1973). In electing school districts the district treasurer registers for future payment warrants for which there are insufficient funds, while in

nonelecting districts the county treasurer does so. § 22–40–104(3), –106, 9 C.R.S. (1973). Both electing and nonelecting districts are forbidden to issue warrants in excess of their budgets or anticipated revenues. § 22–40–104(4), 9 C.R.S. (1973).

**4.** Although the record does not indicate whether each particular plaintiff school district is electing or nonelecting, it was represented to the court at oral argument that the plaintiffs include both types of school districts.

a definite purpose." Colorado courts have not had occasion to construe this provision since its enactment in 1955, ch. 100, sec. 1, § 35–7–10, 1955 Colo.Sess.Laws 249, but language from earlier cases makes it clear that funds received by the county treasurer remain county funds until distribution to electing school districts. In *People ex rel. Board of County Commissioners v. Koenig*, 99 Colo. 456, 63 P.2d 1235 (1936), a case involving school district funds, we held that "[f]or accounting purposes, as we have uniformly held, all money, state, county, school district, and whatever, collected by a county treasurer, as such, belongs to the county." *Id.* at 460, 63 P.2d at 1236; *accord Patterson v. People*, 98 Colo. 86, 53 P.2d 1187 (1935). While these cases concerned the liability of the county treasurer for school district funds deposited in a financial institution that later failed, the principle upon which they are based—that school district tax moneys are county funds until paid over to the district as required by law—supports the defendants' view that any interest earned on school district tax moneys while held by the county treasurers accrues to the benefit of the counties, not to the school districts. Therefore, for the purposes of section 30–10–710, 12 C.R.S. (1977), taxes received by the county treasurer from school levies are county funds rather than general funds until allocated and distributed to electing school districts. It follows that the interest earned in the interim may be credited to the general fund of the county.

This interpretation is harmonious with section 39–10–107(1), 16B C.R.S. (1982), which states that taxes collected by the county treasurer shall be apportioned and credited to school districts and other government units so that each unit receives its taxes and *penalty* interest. The statute makes no mention of crediting school districts with interest earned before distribution.[5] It is also consistent with section 30–1–102(1)(a), 12 C.R.S. (1977), and section 22–50–116, 9 C.R.S. (1973), which require

the county treasurer to charge collection fees upon the school district tax moneys received by that official. These laws are also silent on the retention of interest accrued before distribution to electing school districts.

 The plaintiff school districts argue that county treasurers have a fiduciary duty to turn the interest in dispute over to the school districts, and cite authority from other jurisdictions holding, for a variety of reasons, that this is so. We believe that fiduciary concepts have no application to the present dispute, because—properly construed—the school tax and financing statutes fully determine the duties of public officials and public bodies. *Cf.* § 2–4–211, 1B C.R.S. (1980) (common law to be the rule of decision "until repealed by legislative authority"). Authority from other jurisdictions with different legislative schemes is inapposite.

The judgment is reversed and the cause remanded to the district court for entry of judgment consistent with this opinion.

---

5. We note that the General Assembly has recently amended section 22–40–104, 9 C.R.S. (1973), so that it now provides that "[t]he [school district] tax revenues shall be credited to the proper fund and account, together with any penalty interest collected thereon." Ch. 279, sec. 1, § 22–40–104(1), 1984 Colo.Sess.Laws 1002.