## Richmond.

### THON v. THE COMMONWEALTH.

March 15th, 1883.

1. CONSTRUCTION OF STATUTES—*Attorney-General's fees.*—Act approved March 12th, 1878, Acts 1877–'8, chapter 183, section two, page 174, providing that "the attorney-general shall receive a salary of $2,500 annually for his services, and shall not be entitled to any further compensation therefor," refers to salaries payable out of the state treasury, and not to fees taxed in the costs as fees of attorneys on the winning side in any case, under Code, chapter 181, section thirteen.

2. IDEM—*Fees taxed.*—The laws requiring such fees to be taxed for the commonwealth have never been repealed nor amended, and the losing suitor has them to pay, whether they go into the state treasury or to the attorney-general. But the laws requiring such fees to be taxed in the costs and paid to said attorney are also unrepealed.

Motion for correcting taxation of the costs in the case of *Thon v. Commonwealth*, 31 Gratt. 887, so far as the fee of $20 is taxed as the fee of the attorney-general.

C. Thon was convicted in the hustings court of the city of Richmond in May, 1878, for violating the act of March 6th, 1874, chapter 83, page 76, commonly called the "Sunday law," and obtained a writ of error to the judgment from one of the judges of this court. On the hearing of the writ the judgment of the hustings court was affirmed with costs to the commonwealth. Subsequently in this court Thon made this motion to

correct the taxation of those costs in the particular above mentioned.

*J. B. Young,* for plaintiff in the motion.

*Attorney-General, F. S. Blair,* for the commonwealth.

LACY, J., delivered the opinion of the court.

This is a motion to correct the taxation of the costs in this case, so far as the fee of $20 is taxed as the attorney-general's fee.

By the thirteenth section of chapter 181 of the Code of 1873, twenty dollars is prescribed as the attorney's fee in this court, taxed with the costs, and recovered by the side substantially prevailing, as other costs are recovered.

By the sixteenth section of the same chapter of the Code, it is provided that in the cases of the commonwealth "what is so taxed for fees of, or allowance to any person, shall be paid to him by the sheriff or officer who may receive such costs, unless such person shall previously have received payment thereof, in which case the same shall be paid into the treasury."

In chapter 183 of the Acts of 1877–8, approved March 12, 1878, it is provided "that the attorney-general shall receive a salary of twenty-five hundred dollars annually for his services, and shall not be entitled to any further compensation therefor." It is claimed by the appellant in this case that by reason of the language above quoted, no fee can be taxed for the attorney-general in any case in this court in which the commonwealth is a party and in which he appears in his character as attorney-general.

Upon an inspection of the act of assembly, it will be seen that the whole act is revisory of the salaries of all officers of the state. It being the policy of the general assembly, in conse-

quence of the financial embarrassments of the commonwealth, to reduce all the salaries paid out of the treasury. By the law in existence before the passage of this act, the salary of the attorney-general was thirty-five hundred dollars; by this act it was reduced to twenty-five hundred dollars. But the language of the former law was omitted so far as it referred to "fees, perquisites or any rewards whatever." See Session Acts 1876–7, p. 354. And it may be reasonably argued that the words "fees, perquisites or any rewards whatever" having been omitted from the last act, that it was not the intention of the law makers to include them in the general terms employed. But an inspection of the whole act shows clearly that such was not the legislative intention. And the reference was to salaries to be paid out of the treasury of the state, and not to fees of officers. The seventeenth section prescribes a salary for the clerk of this court of five hundred dollars, but his fees are not affected, and so with state officers. Section eleven of chapter one hundred and sixty provides that an attorney shall be entitled a fee to the amount which the clerk is authorized to tax in the bill of costs, in any suit, &c. And the sixteenth section of chapter one hundred and eighty-one provides, as we have seen, that "what is so taxed for fees of, or allowance to any person, shall be paid by the sheriff or officer who shall receive said costs," &c.

The question in any aspect is not of any interest to the appellant, Thon. The laws requiring such fees to be taxed for the commonwealth, in any case, have never been repealed or amended, and are now in force. He has the costs to pay, whether the fee goes into the treasury of the commonwealth or to the attorney-general. But the laws directing the fee to be taxed in the costs for the commonwealth, and that the same shall be paid to the said attorney, have never been repealed. We are of opinion that the amendment to the law, fixing the salary of the attorney-general, does not refer to or affect this fee taxed in the costs, and that being so taxed, it is to be paid

to the attorney-general as the law directs in the case of all attorneys, on the winning side in any case.

And we are therefore of opinion that the motion in this case be denied.

The order was as follows:

This day came again as well the plaintiff in error by his counsel, as the attorney-general on behalf of the commonwealth, and the court having maturely considered said motion, is of opinion, for reasons stated in writing and filed with the record, that the laws requiring such fees to be taxed for the commonwealth have never been repealed or amended. It is therefore considered by the court that the motion of the said plaintiff in error be denied.

MOTION DENIED.