Bissell, J.,
delivered the opinion of the court.
This action was brought against Thomas Ward, Jr., to recover $150 which had been paid him by the town of Barnum in August, 1893. The cause was tried on a substantial stipulation of facts, from which it appeared that there had been an election prior to that date of mayor and one or more trustees of the town. A contest was begun attacking the validity of the election of the mayor and one trus *497 tee. Mr. Ward was employed to attend to these suits. On the conclusion of the proceeding he presented a bill to the town of Barnum for $150, which was allowed, a warrant issued, and ultimately paid. Subsequently, whether by a change in the board or- otherwise, we are not advised, the legality of the employment and payment by the town were questioned, demand was made on him for the return of the money and this suit brought to recover it.
In the district court judgment passed against Mr. Ward and he prosecutes this appeal.
But one proposition has been presented or argued by either side, and in reality the whole case turns on its determination. It is insisted by the appellant that since the claim was allowed by the town authorities and the town afterwards paid it, it cannot be heard to question its legality, nor can it compel the return of the money any more than could an individual who liad voluntarily paid a claim which was not a legal obligation. There are some authorities which seem to accept this doctrine, though most of the decisions contain some other element by which they can be entirely justified. The distinction which has been drawn by the various ’ courts between those cases Avhere payments have been made by municipal or county authorities, and the suit to recover the amount has been defended on the hypothesis that the payment was a voluntary one, and those where like payments have been made by individuals, seems to us to be well marked and can be sustained on principle. The distinction is this, where the alleged debt was without validity, and the board which allowed the claim and paid it was wholly without authority to act in the premises, whatever they may do under those circumstances, is without force, and the county or municipality is not estopped thereafter to assert that the act was ultra vires. The reason of the rule is that the trustees, the board of supervisors, or the common council are the agents of the county or other public corporation with specified power, and where they act outside of it, what they do is not the act of the principal who may reject what the agent has done and recover because of *498 this lack of authority. It is almost universally held that where a claim would under some circumstances be a legal and a legitimate one, and the board or the acting powers have assumed to pass on its validity, possessing adequate authority for the purpose, their adjudication is final. Where, however, they have no authority to allow the bill or pass on its validity, the act is void and the voluntary character of the payment is no defence to a suit by the authorities to recover the money which has been thus illegally paid. These acts do not bind the county or the municipality any more than the payment by an agent acting for his principal and outside of the limits of his power, would estop the principal from recovering the money which the agent had wrongfully paid. Board of Supervisors v. Ellis, 59 N. Y. 620; City of Chaska v. Jno. Hedman, 53 Minn. 525; McLean v. County of Montgomery, 32 Ill. App. Ct. Rep. 131; Snelson v. The State, 16 Ind. 29; Tacoma v. Lillis, 4 Wash. 797; McMurtry v. Ky. Central R. R. Co., 84 Ky. 462; Commonwealth v. Field, 84 Va. 26; People v. Fields, 58 N. Y. Reports, 491; Village of Fort Edward v. Fish, 93 N. Y. Sup. Ct. Rep. 548.
The case which at first blush would seem most strongly to support the contention of the appellant, and on winch he largely relies is The Supervisors of Onondaga v. Briggs, 2 Denio, 26. It was commented on in the 59th N. Y. cited supra, and the real basis on which that decision in point of fact rested was determined to be the consideration before referred to, that the charges against the county had been allowed by officers having jurisdiction in a matter wherein they had power to determine the legitimacy of the claim. In Other words, the fees of the district attorney were in some cases legitimate claims against the county; the board had full authority to determine whether or not the fees were just and ought to be paid and had full power under the statute to determine these questions. The claim was presented, and acting under the authority thus conferred, the board attempted to pass on the question, and having determinéd it and paid the claim as thus audited and allowed, the county *499 was barred from recovery. But as the distinguished court says in the Milis case, there was no assertion or intimation that if the claims had been illegal andas such not chargeable against the county, and matters about which the board had no authority to act, their decision Avould be final, or that any payment made by the board under these circumstances would estop the county from recovering it back on proper proof. The decisions cited are entirely applicable and fully cover the case made by the admissions. The claim which Mr. Ward had for his services as attorney in defending the election contests were not legitimate charges against the town of Barnum. That corporation had no power whatever to hire an attorney to prosecute or defend the contested elections of either its mayor, or any member of the board of trustees. The matter of their election was of no consequence to the town, and if these parties believed that they had been lawfully elected and desired to defend their offices, it was with them to protect their title and to pay the costs and expenses of the litigation. The governing bodies of this class of corporations have no express authority to contract debts of this description, nor can any be implied from the powers that are conferred on them. What they assumed to do in the premises was wholly illegal, must be adjudged absolutely void, and being of this description, the board of trustees were without the right to pass on, allow, or pay the bill which Mr. Ward presented and the payment was not a voluntary one, nor is the corporation without the right to maintain a suit for the recovery of the money.
The judgment of the court below is in accordance with these views, and it will accordingly be affirmed.

Affirmed.