[No. 3929.]

## GARTLEY ET AL. V. THE PEOPLE FOR THE USE OF PUEBLO COUNTY.

1. **PUBLIC MONEYS—DEPOSIT IN BANK—LIABILITY OF COUNTY TREASURER.**

   A receiver of public funds should be held to strict accountability for their safety. In an action against a county treasurer and the sureties on his official bond to recover money collected in his official capacity and which he failed to turn over to his successor, an answer that the treasurer deposited the money in a solvent banking institution in good repute, which subsequently failed whereby the money was lost without any negligence on the part of the treasurer, states no defense to the action.

2. **PRIVATE FUNDS—LIABILITY OF BAILEE.**

   The extraordinary liability which attaches to the receiver of public moneys for their safety does not prevail as against a bailee of private funds. Such bailee is only bound to exercise that degree of care which a reasonably prudent man would, under like circumstances, exercise for the safety of his own funds.

3. **PUBLIC FUNDS—ESTATES OF DECEDENTS—UNKNOWN HEIRS—MONEY OF ESTATE PAID INTO TREASURY.**

   Money paid into a county treasury under section 2804 Mills Ann Stats. by the administrator of an estate to be held for unknown heirs, does not become the property of the county. The county through its treasurer becomes the mere bailee of such money with the obligation imposed to pay it without interest to such person as the county court having administration of the estate shall direct. In an action on the official bond of a county treasurer for the failure of the treasurer to turn over such a fund to his successor, an answer that the fund was deposited in a solvent bank in good repute, which subsequently failed whereby the fund was lost without any negligence on the part of the treasurer, states a good defense to the action.

4. **PUBLIC MONEYS—LIABILITY OF COUNTY TREASURER—INTEREST.**

   Money in the hands of a county treasurer belonging to a county and not turned over to his successor at the time the latter assumed the duties of the office, would draw interest at the legal rate from that date, and the sureties on his official bond are liable to the county for such money with interest.

*Appeal from the District Court of Pueblo County.*

This action was brought by appellee, as plaintiff, upon the official bond given by the appellant Gartley, as county treasurer of Pueblo county, and his co-appellants as sureties thereon, as defendants, to recover moneys collected by the principal in his official capacity, which, it is claimed, he failed to turn over to his successor. Two defenses were interposed: (1) That the treasurer had not received of the money sought to be recovered a sum in excess of a specific amount, and that he had paid to his successor all moneys so received. (2) That he had deposited the moneys sued for in a bank reputed to be safe and solvent, which had subsequently failed, and that the loss thus occasioned was without fault or negligence upon his part. From a judgment on the pleadings, the defendants appealed to this court. In determining the questions thus presented, it was held that the deposit by the treasurer of funds collected in a solvent bank which subsequently failed did not excuse him from liability for the funds so lost, and that therefore his second defense was insufficient; but that his first defense, to the extent that it put in issue the amount of money received or unaccounted for, was. The judgment was, therefore, reversed, and the cause remanded for further proceedings. *Gartley v. People,* 24 Colo. 155.

The defendants who were sureties thereupon interposed an amended answer, by which it was averred that of the moneys sought to be recovered, which amounted to the sum of $10,218.34, the sum of $6,905.44 had been paid the treasurer by the administrator of one Armstrong, deceased, by order of the county court of Pueblo county, which identical money he had deposited in a reputed safe and solvent bank, which afterwards failed, and that, as it appears from apt averments, the money so deposited was lost without any fault or negligence upon his part. To this defense a demurrer was interposed and sustained. The cause was then tried upon the issues made by the first defense. The de-

fendants offered to prove the averments of their original and amended answer, which was refused. At the conclusion of the evidence, the court directed the jury to return a verdict for the plaintiff, for the amount sought to be recovered, with interest thereon from the date the same should have been paid over by the treasurer to his successor. From a judgment thereon the defendants appeal.

The law under which the administrator paid the treasurer the funds in his hands as such, is as follows:

" * * * If the heirs of any intestate are unknown * * * the administrator shall be ordered by the county court to pay any balances remaining in his hands into the public treasury of said county, and the county shall be answerable for the same, without interest, to such person or persons as shall thereafter appear to be legally entitled to the same, if any such shall ever appear, to be paid by the county upon the order of the county court having administration of the estate." Sec. 4804, 2 Mills Ann. Stats.

The bond in question was conditioned as required by statute, which provides, in substance, as to the form and conditions of such bond, that the treasurer shall pay, according to law, all moneys which shall come to his hands in his official capacity, and shall deliver over to his successor all moneys belonging to his office. Sec. 886, 1 Mills Ann. Stats.

On the subject of interest, the statute provides: "Creditors shall be allowed to receive interest, when there is no agreement as to the rate thereof, at the rate of eight per cent per annum * * * on money due on account from the date when the same became due * * *." Sec. 2252, 1 Mills Ann. Stats.

In support of their contention that the judgment of the court is erroneous, counsel for the defendants rely upon the following propositions:

1. That the defense, to the effect that the funds in controversy were lost without the fault or negligence of the

treasurer, is sufficient, and that although this court held to the contrary in the former opinion, what was then said on the subject was not necessary to a determination of the appeal, and is, therefore, not "the law of the case."

2.   That the court erred in sustaining the demurrer to the amended defense.

3.   That interest should not have been allowed.

Messrs. PATTISON, WALDRON & DEVINE for appellants.

Mr. E. E. HUBBELL and Mr. M. G. SAUNDERS for appellee.

Mr. JUSTICE GARBERT delivered the opinion of the court.

1.   It is unnecessary to determine whether or not the liability of the treasurer for public funds received by him was presented for adjudication when the case was here before, or whether the disposition of that question was required for the decision announced.   The rule of law measuring the liability of the treasurer for such funds as then declared is correct.   It was then held that the receiver of public funds should be held to strict accountability for their safety; that the deposit by him of such funds in a solvent banking institution .in good repute, and which subsequently failed, whereby the funds so deposited are lost, without negligence upon his part, was no defense to the action.   The reasons for the extraordinary liability of the receiver of public funds which the law imposes upon him with respect to their safety, and the cases on the subject, are fully discussed in the former opinion in this case.   The rule is founded upon public policy, which it is necessary to observe for the preservation of public moneys.   It finds support in a long series of decisions of the courts of last resort in the United States, beginning with the case of *United States v. Prescott*, 3 Howard, 578, decided in 1845.   In some of the states the rule is established that the treasurer is relieved from responsibility

for the loss of funds which he has exercised due care and diligence to preserve. These cases, however, are few in number, as compared with those supporting the other, and what we regard the safer rule, founded, as it is, upon considerations of public policy. The first decision was announced in this case in 1897. In 1893 this court, in *McClure v. La Plata County*, 19 Colo. 122, held that the liability of county treasurers for public funds collected was express and extraordinary. In the face of these decisions, the law-making power has not indicated by any act that the liability of a receiver of public moneys should not be as great as this court has declared. If the liability thus imposed is too onerous, relief must come from the legislature. Courts can only declare the law as it now stands.

2. The extraordinary liability which attaches to the receiver of public moneys for their safety does not prevail as against a bailee of private funds. The next question presented relates to the character of the money received by the treasurer from the administrator of Armstrong, deceased, and the relation of the treasurer thereto. On the determination of these propositions the sufficiency of the amended answer depends. Such funds, by virtue of having been paid to the treasurer, did not become the property of the county. The latter, through its treasurer, became the mere bailee of these moneys, with the obligation imposed to pay them, without interest, to such persons as the county court having administration of the estate might direct. As the custodian of these funds, it was only bound to exercise that degree of care, through its treasurer, in protecting them from loss which a reasonably prudent man would in like circumstances. The liability of the agent would be no greater than that of the principal; in other words, if the county was not responsible for the loss of such funds, its agent would not be, either to the county or the persons entitled thereto. In principle the case is similar to *Wilson v. People*, 19 Colo. 199, in

which it was held that the clerk of a court, who, by virtue of his office, has custody of the funds of litigants pending process and proceedings, is responsible for good faith and reasonable diligence, but if such funds are lost notwithstanding an exercise on his part of that degree of care and diligence which prudent men ordinarily exercise with respect to their own funds, he is not liable. Tested by this rule, the amended answer presented a good defense. The funds received by the treasurer from the administrator were deposited in a bank reputed to be sound. He was the mere custodian of these funds by order of the court under whose direction they were placed in his hands. It appears from the averments of this amendment that he was not guilty of negligence in permitting them to remain on deposit in this bank. On the contrary, it appears that he exercised that same degree of care with respect to these funds which a reasonably prudent person would have ordinarily employed in caring for his own. They were not public, and did not belong to the county. The demurrer to the amended defense should have been overruled.

3. The bond was conditioned, as required by statute, to the effect that the treasurer should pay according to law all moneys received in his official capacity, and should deliver to his successor all moneys belonging to the office. Whatever moneys were in the hands of the treasurer at the time he should have paid them over to his successor, became due the plaintiff on that date. According to the statute on the subject of interest, money in his hands belonging to the office not delivered to his successor at the time the latter assumed his duties, would draw the legal rate of interest from that date. The sureties were bound by the terms of the bond to answer for the default of their principal in failing to pay over the moneys in his hands according to law, which imposed upon them the obligation to pay interest on funds not delivered to his successor. In short, by the bond

in question, they were required, in order to satisfy its terms and conditions, to discharge the obligations imposed upon their principal. If they wished to relieve themselves from the further payment of interest upon the funds in his hands, which he has failed to pay over to his successor, they should have tendered the plaintiff the sum which these funds represent, with interest to the date of such tender.

The judgment of the district court is reversed, and the cause remanded, with directions to overrule the demurrer to the amendment to the answer, and with leave to plaintiff to reply thereto if so advised, and for a new trial, in accordance with the views expressed in this opinion.

*Reversed and Remanded.*