[No. 7723]

## FARR v. THE PEOPLE.

1. PUBLIC OFFICER—*Liable for Public Moneys Unlawfully Received.*
The State Game and Fish Commissioner is liable to the people for
moneys paid by the Treasurer to reimburse him the expense of jour-
neys made without the state, in attending conventions; and this,
although the money was paid upon the auditor's warrant, issued upon
a voucher approved by the Governor.   (484)

2. VOLUNTARY PAYMENT—*Of Public Moneys, Unlawfully Made,*
though with full knowledge on the part of the public officials conniving
at the payment, may be recovered.   (484)

The liability of the State Treasurer is no answer to the action.
(484)

3. STATE AUDITOR—*Approval of Unlawful Claim—Effect.* The au-
ditor's allowance of an unlawful claim upon the State Treasury is no
bar to an action by the State to recover the payment.   (484)

*Error to Denver District Court.*—Hon. GREELEY W.
WHITFORD, Judge.

Messrs. MELVILLE, SACKETT & CALVERT, for plaintiff
in error.

Hon. FRED FARRAR, Attorney General and Mr. PHILIP
W. MOTHERSILL, for The People.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was to recover between five and six hun-
dred dollars paid by the State Treasurer during 1907 and
1908 to the plaintiff in error, while State Game and Fish
Commissioner.   The items disclose that this money was
to reimburse him for expenses of trips taken outside of
the state while attending certain conventions at Wash-
ington, D. C. and Yellowstone Park.   The complaint dis-
closes that the vouchers for these bills had been approved

by the then governor, and were accepted by the auditor, who issued warrants therefor, which were paid by the treasurer. The plaintiff in error demurred to the complaint. The demurrer was overruled. He declined to plead further and judgment was entered against him. He brings the case here for review.

It is not claimed that these items constitute any lawful claim against the state, or that the plaintiff in error was legally entitled to this money. To recapitulate counsels' argument, it is that the demurrer should have been sustained for three reasons: First; because the State Treasurer is made absolutely liable for all moneys coming into his hands, and therefore if any is illegally paid out, the remedy of the state is exclusively against him. Second: the rule that where money is paid with knowledge of all facts, it cannot be recovered, applies to transactions between the state and an individual, the same as between individuals. And third; that as the auditor has been designated to pass upon claims of the executive department, his findings are final unless reviewed by direct court proceedings, and the fact that these items were for expenses incurred while traveling without the state, in nowise deprived the auditor of jurisdiction to pass upon their correctness and validity, for which reason the payment of such claims by the treasurer is a legal payment in the sense that it cannot be recovered.

The principles involved in each of these reasons have, by this court, been decided adversely thereto. The first, in *McClure v. La Plata County,* 19 Colo. 122, 34 Pac. 763; *Wilson v. People,* 19 Colo. 199, 34 Pac. 944, 22 L. R. A. 449, 41 Am. St. Rep. 243; *Sauer v. Town of Nevadaville,* 14 Colo. 54, 23 Pac. 87; *State v. Walsen,* 17 Colo. 170, 28 Pac. 1119, 15 L. R. A. 456; *Gartley v. People,* 28 Colo. 227, 64 Pac. 208.

The second, in *Roberts v. The People,* 9 Colo. 458,

13 Pac. 630; *Ward v. Town of Barnum,* 10 Colo. App. 496, 52 Pac. 412; *County Commissioners v. McLean,* 50 Colo. 602, 115 Pac. 525.

The third, in *Barnum, supra; People v. Spruance,* 8 Colo. 307, 6 Pac. 831.

Other cases holding adversely to counsel's contention are *Commonwealth v. Field,* 84 Va. 26, 3 S. E. 882; *City of Chaska v. Hedman,* 53 Minn. 525, 55 N. W. 737; *Luxora v. Jonesboro, L. C. & E. R. Co.,* 83 Ark. 275, 103 S. W. 605, 13 L. R. A. (N. S.) 157, 119 Am. St. Rep. 139; *Ellis v. Board of State Auditors,* 107 Mich. 528, 65 N. W. 577; *Cumberland County v. Edwards,* 76 Ill. 544.

The judgment is affirmed.

*Affirmed.*

Mr. CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.