No. 15,218.

McBride et al. *v.* People ex rel. City of Trinidad.

(144 P. [2d] 777)

Decided December 20, 1943.

Messrs. Smith, Brock, Akolt & Campbell, Mr. R. A. Dick, Mr. Gilbert Sanders, for plaintiffs in error.

Mr. Forrest C. Northcutt, Mr. John N. Mabry, for defendant in error.

*En Banc.*

Mr. Justice Jackson delivered the opinion of the court.

The city of Trinidad obtained a judgment against the

city treasurer and her bondsman in the amount of $2,558.86, the judgment being based upon a bond executed by the treasurer as principal and the bonding company as surety given to secure the faithful performance of the official duties of the treasurer. Plaintiffs in error bring the case here on writ of error, and we have elected to dispose of it on their application for supersedeas. We shall refer to the parties as they appeared in the trial court. There is no conflict of evidence in this case. The facts, agreed upon by stipulation between the parties hereto, include the following:

On January 8, 1923, the city council of Trinidad adopted an ordinance, No. 508, authorizing the issuance of $338,000 water works bonds with interest coupons attached, both principal and interest being payable at the banking house of Kountze Brothers, New York City, or, at the option of the holder, at the office of the city treasurer of Trinidad. Section 6 of the ordinance provides as follows: "It shall be the duty of the City Treasurer, and he is hereby ordered, to remit to the Banking House of Kountze Brothers, aforesaid, by check or draft, payable in New York City, New York, on the 15th days of June and December, so long as said bonds shall remain outstanding and unpaid, a sum of money sufficient to discharge the interest accruing upon said bonds, upon the 1st days of July and January, in each year, and on the 15th day of December, in the year 1937 said Treasurer shall so remit a sum sufficient to discharge the principal of any of said bonds then outstanding and unpaid. Any and all escrow charges made by said Kountze Brothers shall be paid by the City. The provisions of this section shall not apply as to any interest upon, or principal of, any of said bonds, the holders of which shall elect to take payment at the office of the City Treasurer."

The stipulation contains the following statement: "On or about the 27th day of June, 1931 the defendant, Margaret R. McBride, as City Treasurer of the City of Trini-

dad, did remit to the said Banking House of Kountze Brothers the sum of $8,047.57 for the purpose of paying and discharging the interest accruing upon the bonds issued and outstanding pursuant to said Ordinance No. 508 on the 1st day of July, 1931."

Interest coupons aggregating $1,852.50 were subsequently presented for payment at the office of the city treasurer in Trinidad, and the treasurer paid for same by checks or drafts drawn on the $8,047.57 previously remitted to Kountze Brothers in New York City. Other coupons were presented for payment at Kountze Brothers in New York City and were paid, so that on October 13, 1931 there was a balance in the account of Kountze Brothers of $2,999 to meet past due interest coupons still outstanding and unpresented for payment. On that date Kountze Brothers became insolvent and, in the subsequent receivership and winding up of the affairs of that banking house, liquidating dividends totaling $440.14 were paid, leaving a net loss to the city on account of this interest fund of $2,558.86, the amount involved in this judgment.

There is a sharp conflict between the courts of the various states as to the character of the responsibility assumed by public officers having custody of public funds. In an extended annotation on this subject in 93 A.L.R., commencing at page 819, there is the statement that: "The weight of authority, numerically at least, adheres to a doctrine of strict liability, holding that such an officer is not to be exonerated by any consideration of honesty, diligence and faithfulness in the case of the loss of public money while in his hands, unless the loss shall have been occasioned by the act of God or the public enemy. A respectable minority refuses to accept that doctrine, which is admitted by all to be a harsh one." Under the doctrine of strict or absolute liability, the officer is considered to be an insurer. Under the more lenient rule the officer in charge of the funds is held to be responsible only for neglect or fraud and his

position is looked upon as that of a bailee. Since 1845 the United States Supreme Court has followed the rule holding the public officer to be an insurer. *United States v. Prescott,* 3 How. 578. In this jurisdiction we have likewise followed the majority rule, holding the officer to strict accountability. In the above mentioned A.L.R. annotation the following Colorado cases are listed in support of that rule: *In re House Resolution,* 12 Colo. 395, 21 Pac. 486; *Gartley v. People,* 24 Colo. 155, 49 Pac. 272, and 28 Colo. 227, 64 Pac. 208; *Babcock v. Rocky Ford,* 25 Colo. App. 312, 137 Pac. 899. Counsel for the city of Trinidad cite the more recent cases of *Patterson v. People ex rel.,* 98 Colo. 86, 53 P. (2d) 1187, and *People ex rel. v. Koenig,* 99 Colo. 456, 63 P. (2d) 1235.

If the city treasurer had, in the exercise of her own judgment and volition, chosen Kountze Brothers as a depository for city funds, there seems to be no question but that under the authority of the foregoing decisions she and her bondsman would be liable for this loss.

If, acting under the direction of an ordinance of the city that was invalid and beyond the scope of the city council to enact, she had made such a deposit with Kountze Brothers, there is authority that would hold her and her bondsman liable. *In re House Resolution, supra,* and cases cited in annotation on that subject in 66 A.L.R. beginning at page 1059.

If, under the facts in this case, there were the additional fact that she had knowledge of the precarious financial condition of Kountze Brothers previous to their closing and had failed to act on such knowledge, it would seem that she and her bondsman could not escape liability. *Babcock v. Rocky Ford, supra.*

But under the agreed stipulation of facts this is not a case coming under any of the situations described in the three preceding paragraphs. What defendant treasurer did in remitting the $8,047.57 to Kountze Brothers seems to have been in substantial compliance with the city ordinance which gave her express directions to remit

funds to Kountze Brothers in New York City to meet the semi-annual interest coupon payments. By stipulation this remittance covered funds merely to meet these semi-annual interest payments. It was not a general deposit of city funds. It seems to have been one of numerous semi-annual remittances covering the amount of the current liability on interest coupons. If the latter had been presented promptly they would have exhausted the amount of the fund remitted. No knowledge on the part of the defendants of the precarious condition of the New York banking house is included in the statement of facts, and neither is there any other showing of negligence or fraud. There seems to be no error of commission on the part of defendant. Conversely she would have been guilty of an error of omission had she failed to make the remittances as directed by the ordinance. The bondholders had the option of demanding payment at Kountze Brothers. The majority of the coupons presented for payment at the time of the bank failure had been presented for payment and had been paid in New York City. Had the funds not been remitted to Kountze Brothers as directed by the ordinance, a failure to pay the coupons there as presented might well have involved the city in a default and litigation, or in a situation damaging to its credit.

No attack has been made on the ordinance. It appears to have been passed under the authority of 1935 C.S.A., chapter 163. Under the latter the city of Trinidad is classified as a city of the second class, having power to control the finance and property of the corporation. Section 79 contains the provision that, "The treasurer shall have such powers and perform such duties as are prescribed by the statutes of this state and by the ordinances of the city council not inconsistent therewith. L. '97, p. 279, §1; R.S. '08, §6558; C.L. §9036." Section 210 provides, "He [the treasurer] may be required to keep all moneys in his hands belonging to the corporation in such place of deposit as may be designated by

ordinance." The legislature, in enacting the law, in turn derived its powers from sections 13 and 14, article 14 of the Colorado Constitution.

■ The one point involved in this case, therefore, has, we believe, been fairly and accurately stated by counsel for the defendant as follows: "Where an ordinance of a Colorado city of the second class expressly makes it the duty of, and orders the city treasurer to remit certain moneys to a bank named in the ordinance for the purpose of paying interest on bonds issued by the city, and moneys so remitted by the city treasurer in compliance with the ordinance are lost due to the failure of the bank, is such city treasurer, together with the surety upon his official bond, liable to the city on account of such loss?" Our answer to this question is in the negative. The reason for thus relieving the city treasurer of Trinidad from liability, while we held the county treasurers of Weld and Jefferson counties respectively liable in *Patterson v. People, supra,* and *People v. Koenig, supra,* is apparent from a comparison of the facts in this case with the facts in those two cases.

In *People v. Koenig, supra,* we said, "Since there is no express statutory requirements to that end, which is frankly conceded, we think that in no responsible sense can the county treasurer be concerned about the place, the manner, or the fact of payment of school district obligations." And we subsequently concluded: "In whatever view considered, therefore, as we think, when the county treasurer deposited county funds with Kountze Brothers he acted gratuitously, and since loss attended his unauthorized action, the situation is controlled by the Patterson decision and the Colorado cases there cited."

*Patterson v. People, supra,* also involved the liability of a county treasurer for funds which had been sent to Kountze Brothers to meet interest coupons of various county school districts, and then were lost in the failure of that bank. The concluding paragraph in our opinion

in that case reads: "We are not unmindful of the hardship to plaintiffs in error, and would that it were otherwise; but when we consider that the entire matter was within their uncontrolled keeping, we do not feel at liberty to absolve them."

The instant case illustrates the obverse side of the coin from that in the Koenig and Patterson cases; for here the city treasurer is absolved because the matter was not in her "uncontrolled keeping." She did not act gratuitously. She remitted the city funds to Kountze Brothers in compliance with statutory requirement. In such a case she is liable only through her own neglect, fraud or dishonorable conduct. *City of Billings v. Massachusetts Bonding & Insurance Co.*, 88 Mont. 91, 290 Pac. 246; *City of Missoula v. Dick,* 76 Mont. 502, 248 Pac. 193. Under the stipulation in the instant case, no question of fraud, neglect of duty or dishonorable conduct is involved. The federal courts, although applying the doctrine of strict accountability to public officers, likewise relax the rule where the officer has acted under legislative or judicial direction. *City of Scranton, Pa. v. Aetna Casualty & Surety Co.*, 11 Fed. Supp. 986, 22 Fed. Supp. 249, 94 F. (2d) 941; *Howard v. United States,* 87 F. (2d) 243, 248; *American Surety Co. v. City of Thomasville,* 73 F. (2d) 584 (Certiorari denied 294 U.S. 721, 55 Sup. Ct. 549.)

Judgment is accordingly reversed.

MR. JUSTICE GOUDY not participating.